IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARD CONERWAY (TDCJ No. 2056001), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-2749-M-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Michael Edward Conerway, a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, asserting that he is actually innocent, that he received constitutionally-deficient assistance of counsel, that his guilty plea was unintelligent and involuntary, and that an inadequate law library at a prison transfer facility prevented the timely filing of his Section 2254 application. *See* Dkt. Nos. 3 & 4.

Conerway's habeas action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The Court ordered a preliminary response as to whether this action was barred by the applicable statute of limitations. *See* Dkt. No. 7. A response asserting that it is time-barred was filed. *See* Dkt. No. 12. And Conerway filed a reply. *See* Dkt. No. 14.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred.

## Applicable Background

Conerway was convicted of engaging in organized criminal activity – forgery (enhanced) and sentenced to 15 years of imprisonment. *See State v. Conerway*, No. F49618 (18th Jud. Dist. Ct., Johnson Cnty., Tex. Mar. 7, 2016); Dkt. No. 12-1 at 3-5. He did not appeal and instead pursued state habeas relief, filing an application no sooner than September 19, 2017, the date that he signed it. *See Ex parte Conerway*, No. F49618 (18th Jud. Dist. Ct., Johnson Cnty., Tex.); Dkt. No. 12-1 at 16-35. And the Texas Court of Criminal Appeals (the "CCA") denied Conerway's application without written order on March 28, 2018. *See Ex parte Conerway*, WR87,742-01 (Tex. Crim. App.); Dkt. No. 12-1 at 37.

Conerway filed his Section 2254 application on October 3, 2018, the date on which he declares that he placed it in the prison mailing system. *See* Dkt. No. 3 at 10; RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS; *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018).

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF

1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee*

*Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 136 S. Ct. at 756 (emphasis in original).[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the

---

[1] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Conerway failed to file a direct appeal, his conviction and sentence, imposed on March 7, 2016, became final for limitations purposes 30 days later – or on

---

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

April 6, 2016. *See* TEX. R. APP. P. 4.1(a) & 26.2(a)(1). And, "[b]ecause [Conerway's] state habeas petition" – filed no sooner than September 19, 2017, the day that he signed it – "was not filed within the one-year period" that commenced on April 6, 2016, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than October 3, 2018, the date on which Conerway certifies that he placed it in the prison mailing system, *see* Dkt. No. 3 at 10 – was filed almost 18 months too late. The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

Taking first actual innocence, Conerway fails to provide the requisite "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error," *Schlup*, 513 U.S. at 316, or otherwise show that his is the extremely rare case where a gateway claim has been made and where relief should be granted to prevent manifest injustice.

Conerway's substantive equitable tolling argument appears to be based on the alleged insufficiencies of at least one prison law library. *See* Dkt. No. 3 at 9; Dkt. No. 14 at 2-3. But this assertion is conclusory – he fails to identify when he was incarcerated at facilities with allegedly deficient law libraries, and he fails to identify the specific deficiencies. Conerway fails, moreover, to explain how any alleged

deficiencies prevented him from seeking habeas relief sooner. *See, e.g., Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011) (in examining whether an allegedly inadequate law library was a state-imposed impediment under Section 2244(d)(1)(B), holding that "to prevail, [a petitioner] must allege more than that the library was inadequate," and noting that there the petitioner "only alleges that the library at the transfer facility was inadequate. He does not at any point allege facts as to why the transfer facility's lack of legal materials prevented him from filing a timely habeas application. He does not, for example, allege that he had no knowledge of AEDPA's statute of limitations before he was transferred to the Huntsville facility which he claims had an adequate library.").

This action should therefore be dismissed with prejudice as time-barred.

## Recommendation

The Court should dismiss this action as barred by the applicable statute of limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE